Gheen, J.'
delivered the opinion of the court.
This is an action of trespass for throwing off the roof of plain* tiff’s house in his absence, and exposing his children to the weather. The court charged the jury, in substance, that if the act was done by the defendant’s slave, by the procurement, authority, or command of the defendant, he would be liable in this action, as though he had done the act himself.. If the jury should find for the plaintiff, they would not be confined in the assessment of damages, to the actual pecuniary loss of the plaintiff, but might give exemplary damages.
1. As to the first proposition in this charge, that the action of trespass will lie, for an injury done by another, by the command, authority or procurement of the party charged, there can be no doubt. Whoever procures or commands anotherto commit a crime, or do a civil injury, is guilty of the offence himself, as a principal in the first degree. Hence if a slave, or servant, commit a trespass by the command or encouragement of the master, the master is guilty of it. 1 Black. Com. 431-2: Campbell vs. Stairet, 2 Murphy’s Rep. 389: McManus vs. Crocket, 1 East Rep. 106.
2. The second proposition is equally clear. In an action of trespass, the jury are not restrained in their assessment of damages, to the amount of the mere pecuniary loss sustained by the plaintiff, but may award damages, in respect of the malicious conduct of the defendant, and the degree of insult with which the trespass has been attended. 3 Starkie, 1450.
3. As to the facts of the case; we are of opinion, the evidence *142 contained in this record, well warranted the verdict against the defendant: but if that were not so, we are not informed by any statement in the bill of exceptions, or by the nature of the case that all the evidence has been set out, and consequently, we are to presume that there was enough to justify the verdict of the jury. Let the judgment be affirmed.